**Opinion filed November 27, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00283-CR

_____

**JOE HENRY ROBLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR41621**

**M E M O R A N D U M   O P I N I O N**

Joe Henry Robles, Appellant, filed a pro se notice of appeal in this case. In a letter dated October 23, 2013, this court notified the parties that the Trial Court's Certification of Defendant's Right of Appeal, which was signed by Appellant, indicated that Appellant had waived his right of appeal in this case. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond on or before November 8, 2013, and show grounds to continue the appeal. Appellant filed a

response indicating that he was denied effective assistance of counsel and a fair trial.

A valid waiver of appeal, whether negotiated or non-negotiated, prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). Appellant has not obtained the trial court's consent to appeal, and Appellant's waiver appears to be valid. The reporter's record indicates that, after the jury found Appellant guilty, Appellant and the State reached an agreement such that, if Appellant would enter pleas of true to the enhancement allegations and waive appeal, the State would recommend a sentence of thirty years and would also dismiss a pending stalking case. Appellant twice stated on the record that he agreed to accept the State's offer. Appellant then pleaded true to the enhancements, and the trial court assessed Appellant's punishment accordingly and dismissed the stalking case. Appellant, his attorney, and the trial judge signed a document entitled "**WAIVER OF RIGHT TO APPEAL** . . . ," in which Appellant expressly stated, "I do, hereby, voluntarily, knowingly and intelligently **WAIVE AND GIVE UP MY RIGHT TO APPEAL**." In that document, Appellant affirmed that, although he had been informed of his right to appeal, he was waiving his right to appeal and his right to file a motion for new trial. Thus, the trial court's certification—reflecting that Appellant "has waived the right of appeal"—is supported by the record and is not defective. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Because Appellant waived his right to appeal in this cause and because the trial court certified that Appellant has no right of appeal, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, this appeal is dismissed.

PER CURIAM

November 27, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.